# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| DEAN B. HOLLIDAY, SR., | : | |
| Plaintiff, | : | No. 3:19-cv-1930 (KAD) |
| | : | |
| v. | : | |
| | : | |
| NEWINGTON POLICE | : | |
| DEPARTMENT, et al., | : | |
| Defendants. | : | |

## INITIAL REVIEW ORDER

Kari A. Dooley, United States District Judge

     Plaintiff, Dean B. Holliday, Sr. ("Holliday"), currently confined at Willard-Cybulski Correctional Institution in Enfield, Connecticut, filed this complaint *pro se* under 42 U.S.C. § 1983. Holliday asserts, *inter alia,* multiple due process violations which resulted in the conviction for which he is currently confined. He also asserts claims under the Federal Tort Claims Act (FTCA) and 38 U.S.C. § 5701. The defendants are the Newington Police Department, Assistant State's Attorney Paul Rotiroti, Wethersfield Police Officer Brian Gallagher, the Connecticut Department of Veteran Affairs, the Department of Veteran Affairs Health Care System, Commissioner Thomas J. Saadi, the VA Police Department, the U.S. Department of Veteran Affairs Office of General Counsel, Danielle Gallagher, Stacey Rechenberg, Diane Jarvis, Veterans Affairs Federal Credit Union, and VA Police Officer Gregory E. Augustine. Holliday seeks damages and release from custody.

     The complaint was received on December 6, 2019. Holliday's motion to proceed *in forma pauperis* was granted on January 24, 2020.

**Standard of Review**

Under section 1915A of title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**Allegations**

On April 4, 2001, Holliday, a veteran, went to the VA Credit Union in Newington, Connecticut, to become a member. Doc. No. 1 ¶¶ 18-19. He was wearing jeans, a t-shirt, hat, sneakers, a hooded sweatshirt, and latex gloves. He also had a dust mask on his chin because he had been cleaning his store. *Id.* ¶ 20. Diane Jarvis, one of the credit union employees thought Holliday might attempt a robbery. After Holliday left, Jarvis reported the incident to Officer Augustine. *Id.* ¶ 21. The Newington police were informed that afternoon. *Id.* ¶ 22.

Holliday did not know that, on March 12, 2001, a burglary suspect had reported to

2

Wethersfield police about a planned robbery of the VA Credit Union in Newington. *Id*. ¶¶ 24-25. The Wethersfield police had informed the Newington police who then informed Officer Augustine and the credit union employees of a possible robbery attempt. *Id*. ¶ 25.

The following day, Holliday returned to the credit union with Hector Arriola. The credit union was closed so Holliday left to get gas. *Id*. ¶ 27. Holliday returned and parked in a no parking zone. *Id*. ¶ 28. He got out of the car to check if something was stuck in his back door and heard Stacey Rechenberg slam the front door of the credit union. *Id*. ¶ 29. Startled, Holliday got back into the car and drove off. *Id*. ¶ 30.

Reaching Wethersfield, Holliday realized he had not gotten the membership he wanted so he turned around and started driving back to the credit union. *Id*. ¶¶ 31-32. As he turned into the credit union driveway, Holliday saw police activity in front of the credit union. *Id*. ¶ 33. Halfway up the driveway, Holliday made a u-turn and was passed by an unmarked police car. *Id*. ¶ 34. Holliday did not know what had happened. He left because he did not want to return to prison. He was on parole and had marijuana in his car. *Id*. ¶35.

Holliday sped up. A West Hartford police cruiser passed him and turned on its lights. Holliday took a few turns into a dead end and ran from the car. *Id*. ¶ 36. After a short chase, Holliday and Hector were apprehended. *Id*. ¶ 37. Both men were charged with breach of peace by the Newington Police. *Id*. ¶ 38.

Holliday signed an incriminating statement after hours of interrogation and numerous alleged violations of his rights by Officer Gallagher and other Newington officers. *Id*. ¶ 39. In April 2002, Holliday was found guilty. *Id*. ¶ 43.

Shortly after his direct appeal was denied, Holliday discovered that the VA police had at

least three exculpatory reports relating to his case. *Id*. ¶ 46. Holliday began requesting unredacted copies of the reports in 2004. He received redacted copies in 2005. *Id.* ¶¶ 47, 66-69. The first report described the events of April 4, 2001. *Id.* ¶ 48. The second described the events leading to Holliday's conviction. *Id*. ¶ 48. The third outlined the information about the suspected robbery attempt. *Id.* ¶¶ 50-55. In 2009 and 2010, various persons who are not defendants denied Holliday's requests to have Augustine testify at his habeas hearing and for unredacted copies of the reports. *Id*. ¶¶ 56-61, 74-76. He learned the names of additional defendants in August 2012. *Id.* ¶¶ 62-63.

Holliday sought unredacted copies through Privacy Act requests. *Id.* ¶¶ 78, 80. The requests were given case numbers, but were denied in 2016 as duplicative of previously denied appeals. *Id.* ¶¶ 79, 81-83. Holliday also sought the copies under the Freedom of Information Act. *Id*. ¶ 86. In 2018, he sought assistance from Commissioner Saadi in obtaining the copies. *Id*. ¶¶ 88-89.

**Discussion**

Holliday seeks injunctive relief invalidating his conviction and ordering his immediate release as well as damages for his period of incarceration. *Id.* at 26. He asserts specific claims against each defendant. Holliday alleges that the Newington Police Department withheld exculpatory evidence, altered evidence, planted the gun and shell casing, interrogated him over seven hours, denied him a phone call before interrogation, and induced Diane Jarvis, Stacey Rechenberg, and Danielle Gallagher to commit perjury. *Id.* ¶¶ 91-100. Holliday also alleges that several Newington Police Officers who are not defendants, committed perjury. *Id.* ¶ 101. Holliday alleges that Assistant State's Attorney Rotiroti withheld exculpatory evidence and

knowingly presented perjured testimony at his trial. *Id.* ¶¶ 102-06. Holliday contends that Officer Brian Gallagher forged Holliday's signature on a clean copy of his statement, offered perjured testimony, encouraged others to offer perjured testimony, and withheld evidence. *Id.* ¶¶ 107-10.

Holliday alleges that the Connecticut Department of Veteran Affairs violated state law by failing to assist him in obtaining unredacted copies of the reports and violated federal law by failing to disclose the names of non-federal witnesses and police officers contained in the reports. *Id.* ¶¶ 111-12. He also argues that the Connecticut Department of Veteran Affairs failed to exercise jurisdiction over the alleged crime and discriminated against him because of his race and status as a ward of the state. *Id.* ¶¶ 113, 115. Holliday argues that the Connecticut Department of Veteran Affairs Healthcare System[1] was responsible for his continued incarceration since April 2002 because it was aware of the exculpatory information. *Id.* ¶¶ 116-20. Holliday alleges that Commissioner Saadi has supervisory liability for failing to assist Holliday in obtaining unredacted reports. *Id.* ¶¶ 121-23. Holliday also asserts an FTCA claim and a supervisory liability claim against the VA Police Department. *Id.* ¶¶ 124-30, 150-53. He asserts FTCA claims against the VA Connecticut Healthcare System, *id.* ¶¶ 116-17, 119, and the Office of General Counsel of the U.S. Department of Veteran Affairs, *id.* ¶¶ 131-37.

Holliday alleges that defendants Diane Jarvis, Stacey Rechenberg, and Danielle Gallagher offered perjured testimony and withheld exculpatory information at his trial. *Id.* ¶¶ 138-42. He also argues that the Veterans Administration Federal Credit Union suppressed

---

[1] Holliday names as a defendant the Connecticut Department of Veterans Affairs Heathcare System. The Court assumes that Holliday meant to name the VA Connecticut Healthcare System, the medical care arm of the U.S. Department of Veterans Affairs that operates an ambulatory care center in Newington, Connecticut.

5

information about the covert criminal investigation, an alternate scenario defense, violated federal law by not disclosing the names of non-federal witnesses and police officers contained in the redacted reports, and failed to release unredacted reports. *Id.* ¶¶ 143-49.

Holliday sues the VA Police Department for FTCA violations in its position as supervisory to Officer Augustine. *Id.* ¶¶ 150-53. Finally, Holliday contends that Officer Augustine failed to disclose his participation in the robbery sting operation to Holliday and the state court and failed to testify at Holliday's state habeas hearing. *Id.* ¶¶ 154-61.

**Injunctive Relief**

A state prisoner cannot challenge the legality of his conviction and imprisonment or seek relief in the form of an order for his immediate release from custody, pursuant to claims brought under 42 U.S.C. § 1983; such claims must be pursued through a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).[2] Therefore, Holliday's requests for injunctive relief, that his conviction be declared invalid and that he be released from custody, are not available in this civil rights action and are dismissed.

**Declaratory Relief**

Holliday seeks declaratory relief, namely a declaration that the defendants violated his constitutional rights by subjecting him to unlawful incarceration for the past eighteen years and by withholding information that would have exonerated him. Declaratory relief serves to "settle

---

[2] Indeed, Holliday already filed a federal habeas action challenging this conviction. *Holliday v. Weir,* No. 3:17-cv-1125(JCH) (D. Conn. Jan. 2, 2018). The district court denied the petition and the Court of Appeals dismissed his appeal for failure to make a substantial showing that he was denied a constitutional right. *Id.* Doc. No. 36. And Holliday may not file a second habeas petition challenging the same conviction without obtaining permission from the Court of Appeals. *See* 28 U.S.C. §2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationships." *Colabella v. American Inst. of Certified Pub. Accountants*, 10-CV-2291 (KAM) (ALC), 2011 WL 4532132, at *22 (E.D.N.Y. Sep. 28, 2011) (citations omitted). As such, "[d]eclaratory relief operates prospectively to enable parties to adjudicate claims before either side suffers great damages." *Orr v. Waterbury Police Dep't*, No. 3:17-CV-788 (VAB), 2018 WL 780218, at *7 (D. Conn. Feb. 8, 2018). In *Orr*, the court dismissed the request for declaratory judgment that the defendants had violated the plaintiff's Fourth Amendment rights during his arrest because the request "concern[ed] only past actions." *Id.* Here, Holliday seeks a similar declaration— that the Defendants past conduct was unconstitutional.

In addition, "dismissal of a declaratory judgment action is warranted where the declaratory relief plaintiff seeks is duplicative of his other causes of action." *Kuhns v. Ledger*, 202 F. Supp. 3d 433, 443 (S.D.N.Y. 2016) (citation, alterations, and ellipsis omitted). If Holliday were to prevail on any of his Section 1983 claims, a judgment in his favor would serve the same purpose as a declaration that the Defendants violated his constitutional rights. Thus, his request for declaratory relief is not distinct from the relief sought in his Section 1983 claims. *See, e.g.*, *United States v. $2,350,000.00 in Lieu of One Parcel* Case *of Property Located at 895 Lake Avenue, Greenwich, Connecticut*, 718 F. Supp. 2d 215, 229 n.7 (D. Conn. 2010) (noting that if property is not forfeited, receiver-claimants would have been shown to be prevailing innocent owners and declaration to that effect would be redundant). The request for declaratory relief is therefore dismissed pursuant to 28 U.S.C. § 1915(a)(b)(1).

**Claims for Damages**

Holliday seeks damages against a number of defendants for their alleged perjury at his criminal trial and/or their failure to disclose exculpatory documents, that is, the unredacted reports. He seeks damages for both the conviction and his incarceration. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that before an inmate can recover damages under section 1983 for an allegedly unconstitutional conviction or imprisonment, he "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. When evaluating such a claim for damages, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has already been invalidated." *Id.* at 487. In *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the Supreme Court explained that a section 1983 action is barred regardless of the relief sought if success in the lawsuit would demonstrate the invalidity of confinement or the duration of that confinement. *Id.* at 81-82.

Holliday's claims regarding the withholding of exculpatory materials and the use of perjury to convict him fall squarely within the prohibition set forth in *Heck*. In order to prevail, Holliday would necessarily have to establish that he was wrongfully convicted as a result of the alleged constitutional violations. As he has not, and cannot, establish that the conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," his §1983 claims are barred by *Heck*.

Although difficult to conceptualize, to the extent that Holliday asserts a perjury claim not as a basis upon which to upset his conviction but as an independent cause of action for which damages might be awarded, the claims are not cognizable and must be dismissed. Perjury is a crime. There is no federal cause of action for perjury under section 1983. *See Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002).

**Prior Lawsuit**

Holliday has filed another lawsuit relating to the issues in this case. In *Holliday v. Augustine*, No. 3:14-cv-855(SRU), Holliday asserted *Bivens* claims relating to the unredacted reports and obtaining testimony from Officer Augustine at his state habeas hearing, and FTCA claims for negligence. 2015 WL 136325, at *2 (D. Conn. Jan. 9, 2015). He included as defendants several of the named defendants in this case, specifically, the Department of Veteran Affairs Health Care System, the VA Police Department, the U.S. Department of Veteran Affairs Office of General Counsel, and VA Police Officer Gregory E. Augustine. On January 9, 2015, the court, Underhill, U.S.D.J., dismissed all claims against the federal agencies as barred by sovereign immunity, *id.* at *2-3, the *Bivens* claims as time-barred, *id.* at 3-4, and the FTCA claims relating to provision of the unredacted reports as time-barred, *id.* at 5-6. The FTCA claim is asserted against a person who is not a defendant in this case.

"Res judicata [or claim preclusion] precludes parties from litigating issues 'that were or could have been raised' in a prior proceeding." *Perez v. Danbury Hospital,* 347 F.3d 419, 426 (2d Cir. 2000) (quoting *Monahan v. New York City Department of Corrections,* 214 F.3d 275, 284-85 (2d Cir. 2000)). Res judicata will preclude a claim if three conditions are met: the previous action was an adjudication on the merit, the previous action involved the parties to the

9

current action or those in privity with them, and the claims in the current action were, or could have been raised in the prior action. *Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001).

The claims against the federal agencies in the prior action were dismissed as barred by sovereign immunity. There is disagreement whether a dismissal on sovereign immunity grounds is a decision on the merits or a decision on subject matter jurisdiction which precedes consideration on the merits. *See Bloomquist v. Brady*, 894 F. Supp. 108, 116-17 (W.D.N.Y. 1995) (dismissal on sovereign immunity grounds is considered a decision on the merits); *Berman v. Turecki*, 885 F. Supp. 528, 536 (S.D.N.Y. 1995) (considering sovereign immunity as matter of subject matter jurisdiction).

If the dismissal is a decision on the merits, all claims against the federal agencies included as defendants in this case, the Department of Veteran Affairs Health Care System, the VA Police Department, the U.S. Department of Veteran Affairs Office of General Counsel, and the VA credit union, are barred by res judicata. Holliday is the plaintiff in both cases and he was aware of the existence of the unredacted reports at least since 2005.

If the dismissal is not a decision on the merits, the claims against the federal agency defendants still are barred by sovereign immunity. An action against a federal agency is, in essence, a suit against the United States and, as such, is barred by sovereign immunity unless that immunity has been waived. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cr. 1994). The party filing suit "bears the burden of proving that the government has unequivocally waived its immunity." *Jones v. Federal Bureau of Investigations*, No. 6:19-cv-06752(MAT), 2019 WL 5550520, at *2 (W..D.N.Y. Oct. 28, 2019) (citations and internal quotation marks omitted). Holliday alleges no facts suggesting that the government has waived sovereign

immunity for these claims. Thus, all claims against the federal agencies are dismissed.

Judge Underhill also dismissed all the *Bivens* claims and FTCA claims as time-barred. Dismissal for failure to comply with the statute of limitations is considered a decision on the merits. *Michaelesco v. Estate of Richard*, 355 F. App'x 572, 573 (2d Cir. 2009) (citing *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 896 (2d Cir. 1983)).

The *Bivens* claims in both cases relate to the inability to obtain unredacted copies of the reports and Officer Augustine's failure to appear and testify at Holliday's state habeas hearing. Thus, the *Bivens* claims in this action are dismissed as barred by res judicata. The FTCA claim for negligence in the prior action is directed to one person who failed to provide unredacted copies of the reports. Although that person is not a defendant in this case, the FTCA claims asserted here all relate to the failure to provide unredacted copies. As Holliday concedes that he knew about the copies since 2005 and was seeking the reports through 2010, he could have asserted all his FTCA claims in the prior action. The FTCA claims also are dismissed as barred by res judicata.

**Newington Police Department**

Holliday names the Newington Police Department as a defendant. While a municipality is subject to suit under section 1983, *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690 (1978), a municipal police department is not a municipality. It is an agency of the municipality through which the municipality fulfills its policing function. Thus, a municipal police department is not subject to suit under section 1983. *See Reed v. Hartford Police Dep't*, No. 3:03CV2417(SRU), 2004 WL 813028, at *2 (D. Conn. Apr. 6, 2004) (dismissing claim against Hartford Police Department and citing cases holding that municipal police department is not a

11

person within the meaning of section 1983 and thus not subject to suit). Thus, all federal claims against the Newington Police Department are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### Connecticut Department of Veterans Affairs & Commissioner Saadi

Holliday names as defendants the Connecticut Department of Veterans Affairs and Commissioner Saadi. The Connecticut Department of Veteran Affairs is a state agency. *See* portal.ct.gov/DVA (last visited Jan. 27, 2020). State agencies are not persons within the meaning of section 1983. *See Bhatia v. Connecticut Dep't of Children and Families*, 317 F. App'x 51, 52 (2d Cir. 2009) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989)). As a state agency, the Connecticut Department of Veterans Affairs is not a proper defendant and all claims against it are dismissed.

In addition, the incident underlying Holliday's claims occurred at the federal Veterans Administration facility in Newington. *See* a.gov/directory/guide/state.asp?dnum=ALL&STATE=CT (last visited Jan. 28, 2020). The Connecticut Department of Veterans Affairs, headed by Commissioner Saadi, does not operate that facility. The Connecticut Department of Veterans Affairs operates a residential facility in Rocky Hill, Connecticut. *See* portal.ct.gov/DVA (last visited Jan. 28, 2020). Thus, the Court can discern no claims that can be asserted against these defendants. All claims against Commissioner Saadi also are dismissed.

### 38 U.S.C. § 5701

Finally, Holliday asserts a claim for violation of 38 U.S.C. § 5701 based on the failure to disclose the unredacted police reports. Section 5701 concerns information relating to claims for veterans' benefits and describes situations under which such information may be disclosed. *See*

38 U.S.C. § 5701(a) ("All files, records, reports, and other papers and documents pertaining to any claim under any of the laws administered by the Secretary…shall be confidential and privileged, and no disclosure thereof shall be made except as provided in this section."). In the first instance, it does not appear that the reports Holliday requested are implicated by this statute and he offers no allegations from which a violation of the statute might be gleaned. But even if they are, the statute does not itself provide for a private right of action for violations of its provisions and the court has located no reported case in which such a private right of action has been implied into the statute. For all of these reasons, all claims for violation of the statute are dismissed.

**Orders**

For all the foregoing reasons, the complaint is dismissed pursuant to 28 U.S.C. § 1915A(b). The Court declines to exercise supplemental jurisdiction over any supplemental state law claims. *See* 28 U.S.C. § 1367(c)(3) (permitting court to decline to exercise supplemental jurisdiction if all federal claims have been dismissed).

The Clerk is directed to enter judgment and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 31st day of January 2020.

/s/
Kari A. Dooley
United States District Judge